UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| STANLEY CARTER, | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | No. 4:20CV245-HEA |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## OPINION, MEMORANDUM AND ORDER FOR MOVANT TO SHOW CAUSE

This matter is before the Court on movant Stanley Carter's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. Because the motion appears to be time-barred, the Court will order movant to show cause why it should not be dismissed as such.

**Background**

On April 22, 2013, movant entered a plea of guilty to counts two and three of a fourth superseding indictment. Count two charged movant with possession and brandishing of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Count three charged him with conspiracy to possess a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(C)(i). On August 26, 2013, the Court sentenced movant to serve a total of 240 months' imprisonment. Movant did not appeal. *See United States v. Carter,* 4:10-cr-471-HEA (E.D. Mo. 2010).

More than six years later, on February 2, 2020, movant filed the instant motion to vacate, brought pursuant to 28 U.S.C. § 2255. Therein, movant asserts that "United State[s] v. Davis (2019) ruled that Davis 924(c) conviction was unconstitutional. I have 2 924(c) convictions that is by law unconstitutional and I have no criminal convictions to support my 924(c) convictions."

(ECF No. 1 at 4). Movant also asserts that he has "2 924(c) convictions" but does not "have any criminal cases/convictions that these 2 924(c) is attached to[], to make my convictions violent," and "924(c) Residual Clause is unconstitutional." *Id.* at 5, 7. Movant also claims his attorney rendered ineffective assistance. He asks this Court to vacate his convictions.

## Legal Standard

According to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts, this Court must promptly examine a motion filed pursuant to 28 U.S.C. 2255, and dismiss it if it plainly appears that the movant is not entitled to relief. According to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), a one-year statute of limitations applies to motions filed pursuant to 28 U.S.C. § 2255. 28 U.S.C. § 2255(f), *see also Johnson v. United States,* 544 U.S. 295, 299 (2005). The one-year limitation period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). A district court may consider, on its own initiative, whether a habeas action is barred by the statute of limitations. *Day v. McDonough*, 547 U.S. 198, 210 (2006). However, before dismissing a habeas action as time-barred, the court must provide notice to the movant. *Id.*

**Discussion**

The Court first addresses whether the motion is timely under 28 U.S.C. § 2255(f)(1). Movant was sentenced on August 26, 2013, and did not file a direct appeal. When a federal criminal defendant does not file a direct appeal, the judgment of conviction becomes final upon the expiration of the time for doing so. *Anjulo-Lopez v. United States,* 541 F.3d 814, 816 n. 2 (8th Cir. 2008) (citing *Never Misses a Shot v. United States,* 413 F.3d 781, 782 (8th Cir. 2005)). Under Rule 4(b)(1)(a) of the Federal Rules of Appellate Procedure, a federal criminal defendant has 14 days in which to file a direct appeal. Therefore, the judgment of conviction in this case became final on September 9, 2013, and according to 28 U.S.C. § 2255(f)(1), movant had until not later than September 9, 2014 to file a motion pursuant to § 2255. However, movant did not file the instant motion until February 2, 2020, more than five years after the expiration of the one-year limitations period. Therefore, the motion appears untimely under § 2255(f)(1).

Movant can be understood to argue that his motion is timely under 28 U.S.C. § 2255(f)(3) because his grounds for relief rest upon the Supreme Court's June 24, 2019 decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). However, it appears *Davis* is inapplicable to movant's case. In *Davis*, the Supreme Court dealt with the constitutionality of the "residual clause" of 18 U.S.C. § 924(c)(3)(B), which defines a crime of violence as "an offense that is a felony" and "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 139 S. Ct. at 2324. Relying on *Johnson v.*

3

*United States*, 135 S. Ct. 2551 (2015) and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), the Supreme Court determined that § 924(c)(3)(B) was unconstitutionally vague. *Id*. at 2336. The Supreme Court explained "that the imposition of criminal punishment can't be made to depend on a judge's estimation of the degree of risk posed by a crime's imagined ordinary case." *Id*. at 2326. The statutory text of § 924(c)(3)(B), however, "commands" a categorical approach, which threatens "to hand responsibility for defining crimes to relatively unaccountable police, prosecutors, and judges, eroding the people's ability to oversee the creation of the laws they are expected to abide." *Id*. at 2326, 2328.

While *Davis* found 18 U.S.C. § 924(c)(3)(B) unconstitutional, it is unclear why movant believes this is helpful to his case. As noted above, movant pleaded guilty to crimes in furtherance of a *drug trafficking crime*, not a *crime of violence. Davis* struck down the definition of "crime of violence" found in 18 U.S.C. § 924(c)(3)(B), but left untouched the definition of "drug trafficking crime" found in 18 U.S.C. § 924(c)(2). *See id.* at 2330 (noting that when "Congress expanded § 924(c)'s predicate offenses to include drug trafficking crimes as well as crimes of violence…Congress added a subsection-specific definition of drug trafficking crime in § 924(c)(2)"). It therefore appears that movant's case is unaffected by *Davis. See Schaeffer v. United States*, 2019 WL 3535858, at *8 (E.D. Tenn. 2019) (stating that movant's conviction for "possession of a firearm in furtherance of a drug trafficking crime, rather than a crime of violence…could not possibly have been affected by *Dimaya* and *Davis*, both of which pertain only to violent crimes"); *Reyes v. United States*, 2019 WL 5265293, at *2 (D. Utah 2019) (concluding that *Davis* was inapplicable because, although movant "was sentenced under § 924(c), it was for possession of a firearm in furtherance of drug trafficking and not for a crime of violence under the

4

residual clause"); *Houser v. United States*, 2019 WL 5295570, at *2 (W.D. N.C. 2019) (stating that "*Davis* provides Petitioner no relief because the offense underlying his § 924(c) conviction is…[a] drug trafficking crime under the Controlled Substances Act, and not a crime of violence"); *and Jimenez v. United States*, 2019 WL 5306976, at *2 (S.D. N.Y. 2019) (stating that "drug trafficking remains a valid predicate offense" under § 924(c)).

In sum, it appears movant's motion was filed well beyond the limitations period set forth in 28 U.S.C. § 2255(f)(1), and that § 2255(f)(3) is inapplicable because movant's case did not involve the residual clause declared unconstitutional in *Davis*. Accordingly, the Court will direct movant to show cause why his motion should not be dismissed as time-barred.

Accordingly,

**IT IS HEREBY ORDERED** that movant shall show cause, in writing and no later than thirty (30) days from the date of this order, why the instant § 2255 motion should not be dismissed as time-barred.

**Movant's failure to timely comply with this order may result in the dismissal of this action, without prejudice and without further notice.**

Dated this 14th day of February, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE