UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STANLEY CARTER, | ) |
| Movant, | ) ) ) |
| v. | ) No. 4:20CV245-HEA |
| UNITED STATES OF AMERICA, | ) ) ) |
| Respondent. | ) ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon its own motion. For the reasons explained below, movant Stanley Carter's motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255 will be dismissed without prejudice.

The background of this case, and the prior findings of this Court, are fully set forth in the Court's February 14, 2020 order. However, following is a brief recitation. On April 22, 2013, movant entered a plea of guilty to possession and brandishing of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(ii), and conspiracy to possess a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(C)(i). On August 26, 2013, the Court sentenced movant to serve a total of 240 months' imprisonment. Movant did not appeal. *See United States v. Carter,* 4:10-cr-471-HEA (E.D. Mo. 2010). Accordingly, movant's judgment of conviction became final on September 9, 2013, and he had until not later than September 9, 2014 to file a motion pursuant to § 2255. 28 U.S.C. § 2255(f)(1). However, movant did not file the instant motion until February 2, 2020.

Movant could be understood to assert that his motion was timely under 28 U.S.C. § 2255(f)(3) because his grounds for relief rested upon the Supreme Court's June 24, 2019 decision

in *United States v. Davis*, 139 S. Ct. 2319 (2019). However, this Court determined that *Davis* was inapplicable to movant's case because the offenses underlying his convictions were drug trafficking crimes, not crimes of violence. The Court concluded that it appeared movant's motion was filed well beyond the limitations period set forth in 28 U.S.C. § 2255(f)(1), and that § 2255(f)(3) was inapplicable because movant's case did not involve the residual clause declared unconstitutional in *Davis*.

In its February 14, 2020 order, the Court directed movant to show cause why his motion should not be dismissed as time barred. Movant's response to the Court was due on March 16, 2020. However, to date, he has neither responded to the Court's order nor sought additional time to do so. After careful consideration, the Court concludes that the instant motion is time barred. The Court will therefore dismiss it pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts.

The Court has considered whether to issue a certificate of appealability. To do so, the Court must find a substantial showing of the denial of a federal constitutional right. *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir.1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a Court could resolve the issues differently, or the issues deserve further proceedings. *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997) (citing *Flieger v. Delo*, 16 F.3d 878, 882–83 (8th Cir. 1994)). Because movant has made no such showing, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** without prejudice.  A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 27th day of April, 2020.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE